IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **BRIAN DOUGLAS RAMBO,** § | | |
| **TDCJ No. 2202552,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:20-cv-00100-O-BP | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This habeas corpus case was referred to the undersigned automatically pursuant to Special Order 3 on July 24, 2020. ECF No. 3. Petitioner Brian Douglas Rambo ("Rambo"), an inmate confined in the William P. Clements Unit of the Texas Department of Criminal Justice ("TDCJ") in Amarillo, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1).

**I.     FACTUAL BACKGROUND**

In his petition, Rambo challenges his May 2018 conviction in the 46th Judicial District Court of Hardeman County, Texas of two counts of aggravated sexual assault of a child and one count of indecency with a child. ECF No. 1 at 2. Rambo pleaded not guilty to the charges, the jury convicted him, and he was sentenced to consecutive prison terms of ninety-nine years on each sexual assault count and twenty years on the indecency with a child count. ECF No. 11-2 at 99-104. His prison sentences commenced on May 17, 2018. *Id.* He appealed, and the Seventh Court

of Appeals ("COA") affirmed his conviction on March 20, 2019. *Rambo v. State*, Nos. 07-18-00214-CR, 07-18-00215-CR, 07-18-00216-CR, slip op. (Tex. App.—Amarillo. 2019, pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") refused his Petition for Discretionary Review ("PDR") on May 22, 2019. *Rambo v. State*, PDR No. 383-19 (Tex. Crim. App. 2019). On March 5, 2020, Rambo filed an application for a state writ of habeas corpus. ECF No. 11-25 at 18. The TCCA denied the application on May 6, 2020, without written order. ECF No. 11-21.

On July 18, 2020, Rambo filed the instant petition and contests his state conviction on two grounds. ECF No. 1. First, he asserts that no evidence supported every element of the crimes for which he was convicted. *Id.* at 6. Second, he claims in the alternative that there was insufficient evidence to support his conviction. *Id.*

## II.   LEGAL STANDARDS AND ANALYSIS

### A.   The Court views Rambo's no evidence claim as a challenge to the sufficiency of the evidence.

Rambo asserts that there was no evidence admitted at trial to support every element of the crimes for which he was convicted. ECF No. 1 at 6. Under federal habeas review, a "no-evidence claim is not cognizable." *Lowery v. Davis*, No. 4:18-cv-361-Y, 2019 WL 1099007, at *4 (N.D. Tex. Mar. 8, 2019), *certificate of appealability denied*, No. 19-10330, 2019 WL 4668571 (5th Cir. Sept. 5, 2019), *request to file out-of-time cert. pet. denied*, ___ U.S. ___, 140 S. Ct. 2639 (2020) (Mem.). For purposes of federal habeas corpus review, the courts view a claim of no evidence to support a conviction as a claim of insufficiency of the evidence. *Jackson v. Virginia*, 433 U.S. 307, 319 (1979). Therefore, the Court interprets Rambo's no evidence point of error as a challenge to the sufficiency of the evidence.

### B.   Rambo's challenge for sufficiency of the evidence is procedurally defaulted.

Typically, a petitioner must fully exhaust state remedies before seeking federal habeas

relief. 28 U.S.C. § 2254(b)(1)(A); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997). If the last state court to consider the claims expressly based its denial of relief on independent and adequate state procedural grounds, the petitioner's claims are considered to have been defaulted, and federal habeas review is barred unless the petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Furthermore, in appealing a conviction in a Texas state court, an appellant can raise a sufficiency-of-the-evidence claim only on direct appeal, not for the first time in a state habeas petition. *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986).

The TCCA has held it will not consider in habeas proceedings any record-based claims that the petitioner did not raise on direct appeal. *Ex parte Gardner*, 959 S.W.2d 189, 191 (Tex. Crim. App. 1996), *clarified on reh'g* (Feb. 4, 1998). When the TCCA is silent on its reasoning for denying an applicant's sufficiency claim raised for the first time on state habeas petition, this Court may assume that the claim was denied because it was not cognizable. *Ex parte Grigsby*, 137 S.W.3d at 674. The Fifth Circuit also has recognized the Texas courts' procedural rule prohibiting consideration of record-based claims not raised on direct appeal to be an adequate state ground for barring federal habeas review. *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (citing *Ex parte Gardner*, 959 S.W.2d at 191); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (under Texas law sufficiency claim may be raised on direct appeal, but not for first time in habeas proceeding).

Rambo filed a direct appeal to the state COA, a PDR to the TCCA, and an application to

the TCCA for a state habeas petition. ECF No. 1 at 3-4. As a result, he exhausted his state remedies as to any claim presented in those actions. However, the state court record shows that Rambo did not challenge the sufficiency of the evidence on direct appeal of his conviction. ECF No. 11-14. He raised that claim for the first time in his state habeas application, which the TCCA subsequently denied without written order. ECF No. 11-21. As noted above, the Court presumes that the TCCA denied his habeas application because it was not cognizable.

Consequently, Rambo cannot assert his claim of insufficient evidence to convict by way of a federal habeas petition unless he can demonstrate cause for the default and actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. He has made no showing of cause for his default, actual prejudice, or a fundamental miscarriage of justice. As a result, the undersigned finds that Rambo's sufficiency of the evidence claims are procedurally barred and are not properly before the Court for review.

### III.  CONCLUSION

Rambo's claims of insufficiency of the evidence to convict him are not properly before the Court. Because Rambo did not assert those claims on direct appeal in state court or show why the Court should excuse him from doing so, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** his Petition for Writ of Habeas Corpus (ECF No. 1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** June 14, 2021.

    _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE